## Swingle *v.* Sun Insurance Office, Appellant.

*Insurance—Fire insurance—Sole ownership—Partnership.*

Where a policy of fire insurance on a stock of merchandise is issued to a person as sole and unconditional owner, and it appeared that at the time the policy was issued, and at the date of a subsequent fire another person conducted the business, receiving for his services one-half of the profits, without liability to share in the losses, the insured may recover on the policy, although the insured and the person who conducted the business held themselves out to the world as partners, and were, in fact, partners as far as creditors were concerned.

Argued Nov. 22, 1906. Appeal, No. 198, Oct. T., 1906, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1905, No. 225, on verdict for plaintiff in case of Alton T. Swingle v. Sun Insurance Office. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before FANNING, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,306.04. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Rodney A. Mercur*, for appellant.—Persons who hold themselves out as partners incur the liability of partners : Hoffer's App., 3 Brewster, 164 ; Greeg Twp. v. Half-Moon Twp., 2 Watts, 342 ; Caldwell v. Miller, 127 Pa. 442 ; Wessels v. Weiss, 169 Pa. 490 ; Gibb's Est., 157 Pa. 59 ; Purviance v. McClintee, 6 S. & R. 259 ; Williams v. Hagan, 2 La. 122.

If the title to these goods vested therefore in " Swingle & Kenyon " by delivery to the common carrier, then certainly Kenyon had an interest in them, which would not be divested by any prior arrangement made between him and Swingle, and the only way it could be divested, legally, was by a sale, trans-

fer or assignment, previous to the fire, which is not even alleged or pretended by the plaintiff: Grandin v. Rochester German Ins. Co., 107 Pa. 26 ; Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270 ; Schroedel v. Humboldt Fire Ins. Co., 158 Pa. 459 ; Freedman v. Fire Assn., 168 Pa. 249 ; Duda v. Home Ins. Co., 20 Pa. Superior Ct. 244 ; Elliott v. Teutonia Ins. Co., 20 Pa. Superior Ct. 359 ; Beddall v. Citizens Ins. Co., 28 Pa. Superior Ct. 600; Kompa v. Franklin Fire Ins. Co., 28 Pa. Superior Ct. 425.

*M. E. Lilley*, of *Lilley & Wilson*, for appellee : Pittsburg Ins. Co. v. Frazee, 107 Pa. 521; Burson v. Fire Assn. of Phila. 136 Pa. 267 ; Pencil v. Home Ins. Co., Clement's Fire Ins. Dig. 251.

OPINION BY MORRISON, J., March 11, 1907:

This is an action of assumpsit upon a policy of fire insurance issued September 15, 1904, to the plaintiff, insuring "his stock of merchandise, the usual variety carried in a country store, contained in his one and one-half story and basement, frame, shingle roof, store building, situate east side of Main Street, Laddsburg, Penn." The amount of insurance was $1,250 and the term one year. A fire occurred February 24, 1905, destroying the building and goods.

The defense is that the plaintiff was not individually engaged in the mercantile business at Laddsburg, but that he was engaged with his brother-in-law, Dorr L. Kenyon, in carrying on such business at the place named, under the firm name of "Swingle & Kenyon," and had been so engaged since May, 1903, the business continuing since that date without change until the fire occurred.

It was proved, and is conceded, that plaintiff individually purchased the first goods that went into the store in his own name, but all goods thereafter were purchased in the firm name of Swingle & Kenyon, aggregating about $9,000. These goods were ordered in the name of the firm and shipped and consigned to it and so received. The firm displayed a sign on the store which read Swingle & Kenyon ; their bill and letter heads had printed thereon the firm name ; they took out a mercantile license in the name of the firm ; they kept an ac-

count in the bank under the firm's name; they deposited in the bank the proceeds of all the goods sold, to the credit of Swingle & Kenyon and they drew checks signed Swingle & Kenyon against this account to pay for goods shipped to said firm.

The agreement between Alton T. Swingle and Dorr L. Kenyon was, in substance, that the former was to furnish the capital, the latter was to give his time and services to the business and have half the profits, if any, but not to be liable for the losses, with the option to purchase a half interest for $500, or the whole for $1,000, which option was never exercised. After the fire occurred the plaintiff alleging this agreement without any sale, transfer or assignment, avers he was the sole owner of the stock of merchandise, etc., and brought this action to recover the amount of the insurance named in the policy. For the purpose of treating the appellant's contention fairly we have substantially stated thus far the position of its counsel as printed in his paper-book.

The learned court instructed the jury that the manner of doing business of Swingle & Kenyon, as to creditors dealing with them, would constitute them partners. This is undoubtedly correct.

The policy contained the following: " This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss." The policy also provides that it shall be void if the interest of the insured be other than unconditional and sole ownership. The defense is based on the provisions of the policy and the undisputed evidence that the goods were purchased and the business transacted, as hereinbefore stated, in the name of Swingle & Kenyon.

The undisputed evidence, however, shows that Alton T. Swingle was the absolute and unconditional owner of the property and the business, as between the parties, for the evidence disclosed only an imperfect and loose offer to sell to Kenyon on payment of $500, on account, if one-half interest be pur-

chased, and of $1,000, on account, if the entire stock be purchased, with easy terms of credit for the balance of the purchase price.   What the balance, or what the easy terms might be, or how to be ascertained and fixed, or when, were not expressed in the agreement.   Plaintiff positively testified that he owned the property exclusively at the time he was insured, September 15, 1904; Dorr L. Kenyon testifies that he had no interest in the goods at the time they were insured nor at any time down to the date of the fire.   ·And this is testified to by Minnie M. Swingle, the plaintiff's wife, who appears to be the party who really conducted the business.

We have carefully read the charge of the court and consider it absolutely fair and impartial and that the controlling questions in the case were clearly and properly submitted to the jury.   The jury having found the facts in favor of the plaintiff it is difficult for us to understand the consistency of the defendant's position.   In our opinion, Pittsburg Insurance Co. v. Frazee, 107 Pa. 521, rules this case.   There the Supreme Court said (p. 528) : " The court instructed the jury that ' if the plaintiff furnished the original stock óf goods, and kept it up with his own money, and his brother Jasper had no interest in it, but for his services in keeping the store, instead of a salary, was to receive one-half of the net profits, and be responsible for one-half of the bad debts, then the goods would be the sole property of Jonas Frazee.'   In this we think the court was clearly correct.   No question as to any partnership relation or liability which by construction of law might be supposed to exist, as to third persons or creditors, is here presented.   The inquiry is as to the ownership of the stock as between the parties themselves, and, in such case, where there is a positive agreement that must govern."

In Burson v. Fire Association, 136 Pa. 267, one of the questions ruled is in point here.   In that case Chief Justice PAXSON (p. 283) said : " It was urged, however, by the company that this transaction was a legal fraud, with the effect of making the property liable to execution on the part of the creditors of Flory ; in other words, that Flory was the real owner of the property, while the plaintiff only held a bill of sale, unaccompanied by possession, and therefore worthless in law.   Upon this theory the defense has been principally constructed.·   That

it will not bear examination is apparent. The insurance company is not a creditor of Flory. It has no standing to assert that the transaction is a legal fraud. It is good between the parties; it is good against all the world, except creditors of Flory, if there be any, intended to be defrauded. As between the plaintiff and Flory, and as between the plaintiff and the insurance company, the title was in the plaintiff." ·

In 7 Am. & Eng. Ency. of Law. (1st ed.), 1022, in a note we find, as to what will not defeat entire and unconditional ownership, the following: " Likewise one who has agreed to put the property into a partnership, but who has not done so,—Lycoming Ins. Co. v. Barringer, 73 Ill. 230; or who has taken title in the name of another,—American Basket Co. v. Farmville Ins. Co., 3 Hughes (U. S.), 251,—has such ownership."

In Clement's Fire Ins. Digest, p. 175, in the case of Irving v. Excelsior Fire Ins. Co., appears the following: " Plaintiff being a partner in a firm of two, and owning all the property and assets of the firm, the other being interested only in the profits, obtained insurance on 'his stock,' etc., under a policy stipulating that if the 'interest of the insured be a leasehold interest or other interest not absolute, it must be expressed in writing." Held, that his interest was an absolute equitable interest to which the above provisions did not apply."

The learned counsel for the appellant has cited many cases and argued elaborately that Swingle & Kenyon were partners. That is true as to strangers and third parties, but none of his cases warrants the conclusion that the insurance company can take advantage of that principle in the present case where the jury has found, on ample evidence, that the plaintiff was the sole owner of the insured property. The counsel cites Purviance v. McClintee and others, 6 S. & R. 259, and contends that it is in conflict with the plaintiff's contention in the present case. But we do not so understand it. The essence of that case is stated in the syllabus: " If A and B agree that· A shall receive as compensation for his services half the profits of a store, they are partners, as respects creditors."

Our conclusion is that the question of whether the plaintiff was the owner of the insured property, within the meaning of the terms of the policy, was one of fact for the jury and that it was submitted in a charge, so comprehensive and fair, that the

learned counsel has not criticised it; he only contends that on the evidence he ought to have had a binding instruction, or a judgment for defendant non obstante veredicto. We find ourselves unable to sustain any of the assignments of error.

The judgment is affirmed.